UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br>　　　　　　Plaintiff,<br>　　v.<br>JEFFREY FERGUSON, et al.,<br>　　　　　　Defendants. | Case No. 17-cv-02390-JD<br><br>**ORDER OF DISMISSAL**<br>Dkt No. 16 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was improperly denied parole. He seeks injunctive relief and money damages. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id*.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 561 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 561 U.S. at 525 (quoting *Wilkinson*, 544 U.S. at 82). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411

U.S. at 487). A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014) (citing *Preiser*, 411 U.S. at 500).

In *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011), the Supreme Court explained that, in the context of parole, its earlier cases had "held that the procedures required are minimal." The Court earlier had "found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id*. at 220. As long as the petitioner received at least that much process, the federal court's habeas review is at an end. *See Cooke*, 562 U.S. at 220; *see Miller v. Or. Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]").

Plaintiff was denied parole in November 2011. Docket No. 1 at 34-54. The transcripts from the hearing demonstrate that plaintiff was present and participated. *Id*. The BPH partially relied on several disciplinary violations petitioner was found guilty of from 2007 to 2009. Plaintiff argues that defendants failed to properly follow state law and state regulations. This fails to state a federal claim because plaintiff has not identified a violation of a right secured by the Constitution or laws of the United States. Plaintiff's allegations that his First Amendment freedoms were denied at the hearing are contradicted by the transcripts because plaintiff was allowed to speak throughout the hearing. That the defendants chose not to credit his verbal or written statements, does not demonstrate a constitutional violation.

To the extent that plaintiff wishes to challenge his parole denial or the disproportionality of his sentence, he must file a habeas petition. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A challenge to the denial of parole, whether based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits, directly implicates the validity of the prisoner's continued confinement. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (noting that few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole).

## CONCLUSION

The motion for an extension (Docket No. 16) is **GRANTED** and the Court has considered the amended complaint. This action is **DISMISSED** for the reasons set forth above. Because plaintiff has already been provided an opportunity to amend and allow further amendment would be futile, the case is dismissed without leave to amend. If the parole denial is reversed or expunged, plaintiff may seek money damages. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 8, 2017

JAMES DONATO
United States District Judge

4

| | |
|---|---|
| JOHN HARDNEY,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY FERGUSON, et al.,<br><br>        Defendants. | Case No. 17-cv-02390-JD<br><br>**CERTIFICATE OF SERVICE** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 8, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Hardney
D-00599
Mule Creek State Prison
P.O. Box 409020
Ione, CA 95640

Dated: August 8, 2017

                                    Susan Y. Soong
                                    Clerk, United States District Court

                                    By: *Lisa R. Clark*
                                    LISA R. CLARK, Deputy Clerk to the
                                    Honorable JAMES DONATO